PEOPLE v GAVAL

Docket No. 146430. Submitted July 7, 1993, at Lansing. Decided
October 5, 1993, at 9:35 A.M. Leave to appeal sought.

Michael Gaval was charged in the Oakland Circuit Court with
conspiracy and possession with intent to deliver 650 grams or
more of cocaine. The court, Frederick C. Ziem, J., granted
Gaval's motion for a mistrial, with the express understanding
that Gaval would be retried, after the attorney for a codefen-
dant, in an effort to exculpate his client, introduced evidence
that Gaval had confessed. Before the trial, the court had ruled
that Gaval's confession was involuntary and had to be ex-
cluded. When a second trial was attempted, Gaval brought a
motion to dismiss, alleging that a second trial was barred on
double jeopardy grounds. The court, Alice L. Gilbert, J.,
granted the motion. The people appealed.

The Court of Appeals *held:*

The trial court erred in granting the motion to dismiss. The
mistrial was not the result of intentional misconduct on the
part of either the prosecutor or the trial court, but, rather, was
the result of the questioning of a police officer by counsel for a
codefendant, questioning that failed to prompt a timely objec-
tion.

Reversed and remanded.

CRIMINAL LAW — CONSTITUTIONAL LAW — MISTRIAL — DOUBLE JEOP-
ARDY — MISCONDUCT OF THE PROSECUTOR.

Retrial is not barred following a defendant's successful motion for
a mistrial where the motion was made by or with the consent
of defense counsel and the mistrial was caused by innocent
conduct of the court or innocent or even negligent error by the
prosecutor, or by factors beyond their control, or by defense
counsel; retrial is barred on double jeopardy grounds where

REFERENCES

Am Jur 2d, Criminal Law §§ 264, 286, 287, 291, 295.

What constitutes accused's consent to court's discharge of jury or to
grant of state's motion for mistrial which will constitute waiver
of former jeopardy plea. 63 ALR2d 782.

Double jeopardy as bar to retrial after grant of defendant's motion
for mistrial. 98 ALR3d 997.

conduct of the prosecutor was intended to provoke the defendant into moving for a mistrial.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Richard P. Zipser,* for the defendant on appeal.

Before: MACKENZIE, P.J., and GRIFFIN and W. L. CAHALAN,* JJ.

PER CURIAM. The people appeal as of right from an order of the Oakland Circuit Court dismissing the instant criminal case against defendant on the basis that a second trial was barred on double jeopardy grounds. We reverse.

Defendant was charged with single counts of conspiracy, MCL 750.157a; MSA 28.354(1), and possession with intent to deliver 650 grams or more of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Originally, defendant was tried jointly with two codefendants, Robert Grivna and Michael Stanley. Before the first trial, the circuit court ruled that a confession defendant had given to Police Officer Brian Sanders was involuntarily obtained and, thus, had to be excluded. During the joint trial, however, counsel for defendant Stanley, in an effort to exculpate his client, introduced evidence that defendant had confessed:

> *Q. [By counsel for Stanley]:* Officer, isn't it true that there was a statement made to you that indicated that Mr. Stanley had absolutely nothing to do with this, and; [sic] in fact, somebody else named Mr. Gaval had everything to do with this; [sic] is that not true?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*A. [Officer Sanders]:* Yes, sir.
*Q.* Thank you.

Following this exchange, defendant's counsel moved for a mistrial. The motion was granted, although with the express understanding that defendant would be retried. Nevertheless, defendant later moved to dismiss the second trial on double jeopardy grounds. The circuit court granted the motion, ruling that the conduct of both Officer Sanders and counsel for defendant Stanley was so "abhorrent to the sense of justice" that a retrial of defendant Gaval was precluded.

In *People v Dawson,* 431 Mich 234, 253, 257; 427 NW2d 886 (1988), our Supreme Court set forth the parameters for determining when a retrial is barred following a defendant's successful motion for a mistrial:

> Where the motion for mistrial was made by defense counsel, or with his consent, and the mistrial was caused by innocent conduct of the prosecutor or judge, or by factors beyond their control, or by defense counsel himself, retrial is also generally allowed, on the premise that by making or consenting to the motion the defendant waives a double jeopardy claim.
>
> Where a defendant's motion for mistrial is prompted by intentional prosecutorial conduct, however, the defendant may not, by moving for a mistrial, have waived double jeopardy protection. The United States Supreme Court has held that the Double Jeopardy Clause bars retrial where prosecutorial conduct was intended to provoke the defendant into moving for a mistrial. *Oregon v Kennedy,* 456 US 667; 102 S Ct 2083; 72 L Ed 2d 416 (1982).
>
>       *   *   *
>
> Retrials are an exception to the general double jeopardy bar. Where a mistrial results from appar-

ently innocent or even negligent prosecutorial error, or from factors beyond his control, the public interest in allowing a retrial outweighs the double jeopardy bar. The balance tilts, however, where the judge finds, on the basis of the "objective facts and circumstances of the particular case," that the prosecutor intended to goad the defendant into moving for a mistrial.

These principles compel the conclusion that the trial court erred in granting the motion to dismiss. The mistrial in this case was not the result of intentional misconduct on the part of either the prosecutor or the trial court. Rather, it was the result of the questioning of a police officer by counsel for defendant Stanley, questioning which we note failed to prompt a timely objection. Accordingly, consistent with *Dawson, supra,* we reverse the decision of the circuit court.

Reversed and remanded for further proceedings. We do not retain jurisdiction.